IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RICHARD HUMPHRIES,

    Plaintiff,

v.

TFORCE FREIGHT INC., *et al.*,

    Defendants.

2:25-CV-233-Z-BR

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss ("Motion"), filed October 23, 2025. ECF No. 3. Plaintiff responded on November 11, 2025. ECF No. 10. Defendants replied on November 25, 2025. ECF No. 15. The Motion is now ripe.

"Danger invites rescue," so liability *usually* attaches for injuries incurred while rescuing. *Wagner v. Int'l Ry. Co.*, 232 N.Y. 176, 180 (N.Y. 1921) (Cardozo, J.). But Texas has adopted a common law "public-safety officer's rule." This rule precludes recovery for public-safety officers who suffer certain injuries while performing emergency activities. Because the public-safety officer's rule applies here, the Complaint fails to state a claim for which relief can be granted. Accordingly, Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED.**

### BACKGROUND[1]

Defendant Bhutta Hussain Javed ("Javed") is an employee truck driver for Defendant TForce Freight Inc. ("TForce"). On January 28, 2024, Javed was driving a tractor-trailer owned by TForce on I-40. The highway was covered in snow and ice, and Javed was allegedly

---

[1] Unless otherwise noted, all background facts are taken from Plaintiff's Original Petition, ECF No. 1 at 7–12. They are assumed to be true for the purposes of this Motion.

driving too fast for the conditions. As a result, Javed's tractor-trailer "jackknifed" and slid into the center median, coming to a rest after striking the cable barrier.

Plaintiff Richard Humphries ("Humpries") is an Oldham County Sheriff's Deputy. At the time of Javed's crash, he was on duty responding to a call involving a separate crash. Humphries observed Javed's crash and stopped to render aid. Shortly thereafter, another tractor-trailer jackknifed and started sliding on the snowy and icy highway directly toward Humphries. While trying to avoid the second tractor-trailer, Humphries fell and suffered a significant head injury.

Humphries brought this action in state court for negligence and gross negligence against Javed, the driver of the first tractor-trailer, and Javed's employer TForce. Defendants removed to this Court, invoking its diversity jurisdiction, then filed the instant Motion to Dismiss for failure to state a claim. ECF Nos. 1, 3.

### LEGAL STANDARD

### I. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true and construe them in the light most favorable to the nonmoving party. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). But the Court does not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court can dismiss a claim under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

## II. Application of State Substantive Law

Federal courts sitting in diversity apply the substantive law of the state where they sit. *See Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 238 (5th Cir. 2006) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79–80 (1938)). When the highest court of the state has not addressed a question of state law, the federal court predicts how that court would decide the issue, often called making an "*Erie* guess." *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999). When courts make an *Erie* guess, a court's role is not "to create or modify state law, rather only to predict it." *Lawrence v. Va. Ins. Reciprocal*, 979 F.2d 1053, 1055 (5th Cir. 1992). Courts making an *Erie* guess generally defer to intermediate state appellate court decisions but "may consult a variety of sources, including the general rule on the issue, decisions from other jurisdictions, and general policy concerns." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010).

### ANALYSIS

Plaintiff Humphries asserts tort claims for negligence and gross negligence against Defendants Javed and TForce. ECF No. 1 at 9–11. Because this Court is sitting in diversity to consider Texas state law claims, the substantive law of Texas applies. *See Blase Indus. Corp.*, 442 F.3d at 238 (citing *Erie*, 304 U.S. at 79–80).

### I. Negligence Claims

A Texas negligence claim "consists of three essential elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lukasik v. S.A. Blue Haven Pools, Inc.*, 21 S.W.3d 394, 403 (Tex. App.—San Antonio 2000, no pet.) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)); *see also Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "Consequently, the failure to establish any one of the essential elements would defeat a cause of action based

3

on negligence." *Peek v. Equip. Servs., Inc.*, 906 S.W.2d 529, 534 (Tex. App.—San Antonio 1995, no pet.).

### A. Javed Did Not Owe a Legal Duty to Humphries

"The threshold inquiry in a negligence case is duty." *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017). "The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.* (internal marks omitted). If there is no duty, there can be no liability for negligence. *See Peek*, 906 S.W.2d at 534.

The Texas Supreme Court recently adopted the "public-safety officer's rule,"[2] "which restricts the duties owed to responding officers." *Seward v. Santander*, 713 S.W.3d 341, 359 (Tex. 2025). Specifically, the Texas Supreme Court adopted the following rule:

> An actor who innocently or negligently creates a peril that occasions the presence of a public-safety officer owes no duty to that officer when the officer is injured by the very same peril that occasioned the officer's presence, and the officer is injured while (1) on duty, (2) acting within the scope of employment, and (3) engaged in the performance of emergency activities.

*Id.* at 364. The court grounded the rule in public policy considerations, finding three policy arguments "especially compelling." *Id.* at 362–63. *First*, the rule encourages those who need assistance from public-safety officers to call for it without fear of liability. *Id. Second*, the rule minimizes the "specter of invidious discrimination"—that public-safety officers will be more eager to assist and risk injury when they are more likely to recover in a tort action. *Id.* And *third*, the rule spreads the risk and cost of injuries to the public rather than solely to the individuals who require public-safety officer assistance. *Id.* at 364.

Texas's public-safety officer's rule applies here, so Javed owed no legal duty to Humphries. The first and second elements are not in dispute: Humphries acknowledges he

---

[2] The common law rule Texas based its rule on is historically called the "firefighter's rule." *See* David L. Strauss, *Where There's Smoke, There's the Firefighter's Rule: Containing the Conflagration After One Hundred Years*, 1992 WIS. L. REV. 2031 (1992). The Texas Supreme Court adopted a more precise—but less pithy—nomenclature. *Seward v. Santander*, 713 S.W.3d 341, 365 n.101 (Tex. 2025).

was an on-duty Sheriff's Deputy (first element) acting within the scope of his employment (second element) when he responded to Javed's crash. ECF No. 1 at 9; ECF No. 10 at 7–8. The third element is also met because Humphries was clearly "engaged in the performance of emergency activities." *Seward*, 713 S.W.3d at 364. Humphries "stopped to render aid" when he observed Javed's tractor-trailer jackknife and crash. ECF No. 1 at **9**. By stopping to aid Javed after his crash, Humphries was performing emergency activities.

Humphries argues he was not performing emergency activities because he had not yet began physically assisting the victim when Humphries was injured. *Id*. This raises the following question: Does the public-safety officer's rule apply when the officer is injured while responding to an emergency but before he begins rendering aid? Neither the Texas Supreme Court nor the appellate courts have addressed this specific question, so this Court must predict how the Texas Supreme Court would resolve it. To do so, the Court considers what the Texas Supreme Court has said on related matters, as well as "the general rule on the issue, decisions from other jurisdictions, and general policy concerns." *Chaney*, 595 F.3d at 229.

The Court confidently predicts Texas would find that an officer responding to an emergency is performing emergency activities even if he has not begun rendering aid. In *Seward*, the Texas Supreme Court rejected a "cramped view of emergency" that would have defeated application of the public-safety officer's rule. 713 S.W.3d at 366. While the facts here are different, it is unlikely that Texas would adopt Humphries's similarly cramped view of "emergency activities." Moreover, an exception to the public-safety officer's rule merely because the officer had not yet started assisting would make little sense. It would cut directly against the first public policy justification—members of the public may hesitate to call for assistance, particularly if they believe the officer may face a risk of injury before he could physically reach the victim to help. It may even incentivize public-safety officers to delay

rendering assistance. Another jurisdiction concluded its analogous rule applied in a nearly identical situation. *See generally Fordham v. Oldroyd*, 171 P.3d 411 (Utah 2007) (applying Utah's "professional rescuer rule" when a police officer stopped to render aid to a car that slid off the road in icy conditions but before doing so was struck by a third party, and the police officer sought damages against the driver whose car slid off the roadway). Because it comports with the public policy endorsed by the Texas Supreme Court, this Court predicts that court would follow suit and find that Humphries was engaged in the performance of emergency activities, even if he had not reached Javed and begun physically rendering aid.[3]

The public-safety officer's rule also requires an injury to the officer caused by "the very same peril that occasioned the officer's presence." *Seward*, 713 S.W.3d at 364. Humphries argues this requirement is not satisfied here because he "was injured when attempting to evade a second sliding truck—a completely different peril." ECF No 10 at 8.

Humphries's definition of "peril" is too narrow. He attempts to avoid application of the rule by classifying the two *effects* of the peril—the trucks sliding off the road—as separate perils. But the peril was Humphries's exposure to the dangers of the icy roadway. Javed created the peril by sliding off the road, leading to Humphries's rescue attempt. The "very same peril" caused Humphries's injury by putting him in the path of the second truck. This understanding of peril as contemplated by the public-safety officer's rule better aligns with the way the Texas Supreme Court applies the rule. *See Seward*, 713 S.W.3d at 366 (finding the defendant "created the peril" by detaining the suspect, which led to officers being injured "by the very same peril" when the suspect shot them with a concealed weapon). The Texas Supreme Court included this requirement to ensure that the risk the officer faced was

---

[3] Humphries may have been trying to argue that he was not performing emergency activities because prior to stopping to help Javed he was "en route to another call." ECF No. 10 at 8. But what he was doing before bears no relation to whether, after witnessing the crash and stopping to help, he was then performing emergency activities.

"inherent" to the officer's emergency response. *Id.* The risk of a truck sliding off the road and causing injury is inherent to an emergency involving a previous truck that slid off the road. Thus, when Humphries was injured after a second truck slid off the road, he was injured by the very same peril that occasioned his presence.

For the reasons above, the public-safety officer's rule applies to the facts as pled, interpreted in the light most favorable to Humphries. Thus, Javed did not owe a legal duty to Humphries. *Id.* at 364. Because Javed did not owe a legal duty, Humphries's negligence claim fails to state a claim on which relief can be granted, and must be dismissed. FED. R. CIV. P. 12(b)(6).

### B. Javed Did Not Proximately Cause Humphries's Injury

In the alternative, even if the public-safety officer's rule did not apply, the Court would dismiss the claims for lack of proximate cause.

There are two components to proximate cause under Texas law: (1) cause in fact; and (2) foreseeability. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (per curiam). "For a negligent act or omission to have been a cause-in-fact of the harm, the act or omission must have been a substantial factor in bringing about the harm, and absent the act or omission—*i.e.,* but for the act or omission—the harm would not have occurred." *Id.* "[F]or a negligent act or omission to be the proximate cause of an injury, the injury must be the natural and probable result of the particular act or omission." *Bell v. Campbell*, 434 S.W.2d 117, 120 (Tex. 1968). "[C]ause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004).

Humphries's allegations show that Javed's negligence was *not* a cause in fact of his injuries, because Javed's crash did no more than make the injuries possible. Humphries

witnessed Javed slide off the road into the median and stopped to render aid. ECF No. 1 at 9. Then, a different truck slid off the road toward him, ultimately causing his injury. *Id.* Javed's crash did not and could not have caused the second truck to crash—Javed's truck was off the road and in the center median. *Id.* at 8. The cause of the second truck sliding off the road was the ice—"an entirely independent agency." *Bell*, 434 S.W.2d at 120. Javed's crash was merely the reason Humphries was in harm's way from the second sliding truck. In other words, Javed merely "attracted [Humphries] to the scene, where [he was] injured by a third party." *Bell*, 434 S.W.2d at 122. Thus, Javed's negligence was not a proximate cause of Humphries's injuries.

Humphries argues that a state court appellate decision (*Gregory v. Chohan*, 615 S.W.3d 277 (Tex. App.—Dallas 2020), *rev'd on other grounds*, 670 S.W.3d 546 (Tex. 2023)) applies here. ECF No. 10 at 10–13. In *Gregory*, a tractor-trailer driver jackknifed in snowy conditions and came to a rest *blocking lanes of traffic*. 615 S.W.3d at 288. The driver abandoned the truck without activating emergency flashers or otherwise warning oncoming traffic about the hazard. *Id.* The hazard led to further crashes involving six other tractor-trailers and two passenger vehicles. *Id.* The court found that the jury could have reasonably concluded that the first driver's negligence in "abandoning the vehicle on a dark, icy highway without warning to oncoming traffic" was the proximate cause of the following crashes. *Id.* at 297.

Humphries's *Gregory* argument is unpersuasive. He argues that, like in *Gregory*, "Javed's actions continued to create a danger to those that encountered the scene" and "increased the probability of another vehicle encountering danger." ECF No. 10 at 11, 12. But they did not. Unlike the driver in *Gregory*, Javed slid completely off the roadway into the median. ECF No. 1 at 8. Because his truck was completely off the roadway, Javed's crash did

not—and could not have—caused the second truck to slide toward Humphries. Instead, Javed's conduct did no more than attract Humphries to the scene and "furnish a condition which ma[de] the injuries possible." *Mason*, 143 S.W.3d at 799. That is not enough for proximate cause.[4]

Because Humphries's allegations show Javed's conduct was not the proximate cause of Humphries's injuries, his claims must be dismissed.

### C. TForce is Not Liable Because Javed is Not Liable

Humphries's claims against TForce—Javed's employer—all rely on Javed being liable for his underlying injuries. ECF No. 1 at 9–11. Because Javed owed no duty to Humphries and was not the proximate cause of his injuries, he is not liable, so the claims against TForce fail as well. *See Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 541 (Tex. 2025), *reh'g denied* (Sept. 26, 2025) ("[A]ll claims against [the employer] fail for the same reason that all claims against [the driver] fail: [the driver's] driving did not proximately cause this accident or the resulting injuries.").

### II. Gross Negligence Claims

Humphries argues that the public-safety officer's rule does not bar claims for gross negligence. ECF No. 10 at 8. He is correct. *See Seward*, 713 S.W.3d at 364 ("[T]he rule does not . . . absolve conduct more culpable than negligence."); *id.* at 366 ("The plaintiffs did not plead any culpability greater than negligence.").

But even assuming the Texas Supreme Court would not apply the public-safety officer's rule to claims for gross negligence, Humphries's complaint fails because it does not

---

[4] In support of his argument, Humphries cites research he attached as an appendix to his response brief. The Court cannot and does not consider this evidence. *See Walker*, 938 F.3d at 735 ("In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.").

sufficiently state a claim for gross negligence. To be sure, Humphries alleged that the Defendants' acts "amount to gross negligence." ECF No. 1 at 11. But this is a legal conclusion which the Court is not required to accept. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Defending his gross negligence claim, Humphries notes that he alleged "Javed was driving a tractor trailer too fast on an icy interstate highway." ECF No. 10 at 13. But a claim for gross negligence requires both an objective "extreme degree of risk" and a subjective "indifference to the rights, safety, or welfare of others." *Universal Servs. Co. v. Ung*, 904 S.W.2d 638, 641 (Tex. 1995). Even if the objective component is satisfied, nowhere does Humphries allege that Javed was subjectively aware of and indifferent to the safety of others. "Evidence of simple negligence will not suffice to prove either component of gross negligence." *Id.* Humphries's threadbare allegations fail to state a claim for gross negligence.

CONCLUSION

For the reasons above, Plaintiff Humphries has failed to state a claim for either negligence or gross negligence for which relief can be granted. Accordingly, Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**. This case is **DISMISSED with prejudice**.

**SO ORDERED.**

June **18**, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE